**POSITIVE SOFTWARE SOLUTIONS, INC. Plaintiff,**

v.

**NEW CENTURY MORTGAGE CORPORATION, et al., Defendants.**

No. CIV.A.3:02–CV–0257–N.

United States District Court, N.D. Texas, Dallas Division.

April 28, 2003.

W. Ralph Canada, Jr., Shore Deary, Dallas, TX, for plaintiff.

Barry C. Barnett, Ophelia F. Camina, Susman Godfrey, Dallas, TX, for defendants.

## ORDER

GODBEY, District JUDGE.

Before the Court are various matters ancillary to Plaintiff Positive Software Solutions, Inc.'s ("Positive Software") application for a preliminary injunction and Defendant New Century Mortgage Corporation's, *et al.,* (collectively, "New Century") motion to compel arbitration. The Court has by separate Order addressed the motion for preliminary injunction and motions to compel arbitration.

Positive Software seeks leave to expand the evidentiary record to include additional evidence regarding LoanTrack–2 and MLAS. Those are issues that can be addressed adequately in arbitration. Accordingly, Positive Software's motion for to file portions of its supplemental evidence in support of its motion for preliminary injunction, filed on April 17, 2003, motion for leave to file supplemental evidence in support of its request for temporary injunction, filed on April 21, 2003, motion to file portions of the second supplemental evidence filing in support of its motion for preliminary injunction under seal, filed April 25, 2003, and Defendants' motion for leave to supplement preliminary injunction record, filed on April 25, 2003, are denied. Defendants' motion to strike supplemental evidence, filed April 21, 2003, is granted.

In order to facilitate timely presentation of that issue in arbitration, the Court will grant Positive Software's request for limited discovery pending arbitration. Positive Software and New Century may each take four (4) depositions of up to five (5) hours of testimony each, with New Century going first and alternating sides thereafter. If the parties are unable to agree on a schedule and situs, the depositions will take place May 6–9 and 13–16, 2003, beginning at 9:30 a.m., to be held in the office of counsel of the party producing the wit-

ness.[1] The Court regrets the necessity of having to enter such an order, but it appears that no discovery will take place without court intervention. The Court is by separate Order providing a more comprehensive protective order to govern such discovery.[2]

The Court declines to order imaging of New Century's servers. While that might result in some useful information, it appears to be substantially overbroad as a discovery request. The Court will defer the need for and scope of any imaging to the arbitration process. Positive Software's motions to compel imaging, filed on March 18, 2002 and on April 10, 2003, and Positive Software's motion for sanctions filed on April 10, 2003 therefore are denied.

Additionally, Defendants' motion for leave to exceed page limit and to file brief in opposition to Plaintiff's motion for preliminary injunction, filed on March 31, 2003, is denied as moot. Defendants' motion to strike rule 26(f) conference report, filed on April 25, 2003, is denied, and Defendants' emergency motion to unseal and for entry of protective order, filed on March 19, 2003, is granted in part and denied in part in accordance with the order at the hearing on March 24, 2003.

1. Defendants' emergency motion to quash and for a protective order, filed on April 25, 2003, is therefore granted in part and denied in part in accordance with this order.

2. Positive Software's motion for entry of a protective order, filed on April 21, 2003, is therefore denied as moot.